**Margarito Lucas RODAS–LOPEZ; Elida Angela Gramajo–Reyes, Petitioners,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–72642.

United States Court of Appeals, Ninth Circuit.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted April 22, 2008.*

Filed May 6, 2008.

Jorge I. Rodriguez–Choi, San Francisco, CA, for Petitioners.

Stephen J. Flynn, Don G. Scroggin, DOJ-U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GRABER, FISHER, and BERZON, Circuit Judges.

## MEMORANDUM **

Margarito Lucas Rodas–Lopez and his wife, natives and citizens of Guatemala, petition for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's ("IJ") decision denying their application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We deny in part, grant in part, and remand the petition for review.

■ The record does not compel the conclusion that the untimely filing of Ro-

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

das–Lopez's asylum application should be excused due to extraordinary circumstances. *See* 8 U.S.C. § 1158(a)(2)(D); *see also* 8 C.F.R. § 208.4(a)(5). Accordingly, we deny the petition as to his asylum claim.

In his opening brief, Rodas–Lopez did not address, and therefore has waived any challenge to, the IJ's denial of CAT protection. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259–60 (9th Cir.1996).

We cannot effectively review the IJ's withholding of removal finding. The IJ did not consider whether Rodas–Lopez suffered past persecution, and therefore it is unclear whether Rodas–Lopez has a presumption of eligibility for withholding of removal. *See Recinos de Leon v. Gonzales,* 400 F.3d 1185, 1192–94 (9th Cir. 2005); *see also* 8 C.F.R. § 1208.16(b)(1).

Accordingly, we grant the petition for review and remand this case to the BIA for further proceedings consistent with this disposition. *See id.* at 1194.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**